IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MUQTASID ABDUL QADIR,** § | |
| § | |
| Petitioner, § | |
| § | |
| V.  § | NO. 4:24-CV-857-O |
| § | |
| **DIRECTOR, TDCJ-CID,** § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the petitioner of Muqtasid Abdul Qadir for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DISMISSED** as a second or successive one filed without leave.

### I.     BACKGROUND

Petitioner is serving a term of imprisonment of life following his conviction in Cause No. 0591998D in the 213th District Court, Tarrant County, Texas, for murder. Petitioner appealed and his conviction was affirmed. *Qadir v. State*, No. 02-96-00123-CR (Tex. App.—Fort Worth Aug. 14, 1997, no pet.). He did not file a petition for discretionary review with the Texas Court of Criminal Appeals ("CCA"). ECF No. 1 at 2. Petitioner filed five state habeas applications. The first two, filed in 1997, were dismissed because his appeal was still pending at the time. ECF Nos. 14-100, 14-102. His third application, filed in November 1999, was denied without written order on findings of the trial court without a hearing. ECF No. 14-106. His fourth and fifth state applications were dismissed as subsequent. ECF Nos. 14-111, 14-122.

On February 16, 2007, the Clerk received for filing from Petitioner what was construed as a petition under 28 U.S.C. § 2254. *Qadir v. Quarterman*, No. 4:07-CV-114-Y. The United States Magistrate Judge to whom the matter was referred issued findings, conclusions, and a recommendation ("FC&R") that the petition be dismissed as time-barred. *Id.* ECF No. 46. The Court adopted the FC&R and dismissed the petition. *Id.* ECF No. 48. The United States Court of Appeals for the Fifth Circuit affirmed the ruling. *Qadir v. Quarterman*, No. 07-10866 (5th Cir. June 18, 2008). On September 3, 2013, Petitioner filed a second federal habeas petition. *Qadir v. Stephens*, No. 4:13-CV-717-C, ECF No. 1. The petition was transmitted to the Fifth Circuit as a successive one filed without leave. *Qadir v. Stephens*, No. 4:13-CV-717-C, 2013 WL 5366066 (N.D. Tex. Sept. 25, 2013). The Fifth Circuit denied authorization to proceed. *In re Qadir*, No. 13-11046 (5th Cir. May 14, 2014).

On September 4, 2024, Petitioner filed the petition in this action. ECF No. 1. In support, he sets forth four grounds alleging that he received ineffective assistance of counsel; the underlying indictment is invalid; the prosecution withheld material evidence; and, the trial court erred by failing to instruct the jury about "sudden passion." *Id.*

## II.  APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996 provides, in pertinent part:

(1) A claim presented in a second or successive application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

2

  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
  . . .
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claims satisfies the requirements of this section.

28 U.S.C. § 2244(b).

## III. ANALYSIS

As stated, Petitioner has twice filed federal habeas applications in this Court. Thus, he may only proceed with his current application if he first obtains leave of the Fifth Circuit. 28 U.S.C. § 2244(b)(3). Petitioner does not purport to have obtained leave to proceed, and, in fact, fails to address the issue.

## IV. CONCLUSION

For the reasons discussed, the petition is **DISMISSED** as a second or successive one filed without leave.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **28th day** of **January, 2025**.

             _____
             Reed O'Connor
             **UNITED STATES DISTRICT JUDGE**